13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Akeem Abdul MAKIN, Plaintiff-Appellant,
v.
COLORADO TERRITORIAL CORRECTIONAL FACILITY; H. B. Johnson,
Superintendent, individually and in his official capacity;
Jerry Silvia, individually and in his official capacity;
Curtis Devin, individually and in his official capacity;
Robert W. Eggert, individually and in his official capacity;
James Williams, individually and in his official capacity,
Defendants-Appellees.
 No. 93-1397.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 16, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 BARRETT
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Akeem Abdul Makin, a Colorado state inmate, appearing pro se, appeals from the district court's order accepting the Recommendation of the United States magistrate judge that Makin's U.S.C.1983 civil rights complaint be dismissed.
 
 
 3
 On appeal, Makin contends that procedural protections required under Wolff v. McDonnell, 418 U.S. 539 (1974) in the nature of due process and equal protection were denied him in the course of some three prison disciplinary proceedings brought against him. Makin complains that he faces the loss of prison good time and a long period of segregation which will affect his parole date.
 
 
 4
 We have reviewed the record, keeping in mind that when a plaintiff represents himself, his complaint must be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972), and that a complaint should only be dismissed if, accepting the allegations of the complaint as true, it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Scheuer v. Rhodes, 416 U.S. 232 (1974); Meade v. Grubbs, 841 F.2d 1512 (10th Cir.1988).
 
 
 5
 Makin alleged that he was convicted of four prison disciplinary charges, all in February 1993. In a conclusory manner, he alleged that he was denied the right to call witnesses and to present evidence. He also alleged that the defendants obtained confidential medical information and that a hearing on the charges was not held within five days.
 
 
 6
 The magistrate judge ordered Makin to answer interrogatories and to provide documents concerning the disciplinary hearings. Makin complied. The magistrate judge then rendered his Recommendation, observing that the documents submitted by Makin did not indicate any loss of good time credits, but rather, indicated penalties of between 15 and 30 days in punitive segregation on each of the charges. The magistrate judge concluded that the requirements of Wolff are not applicable to a prisoner involved in a disciplinary proceeding "... who faces only a short amount of segregation with no effect on parole. Rather, such a prisoner is only entitled to notice and an opportunity to present a statement. Hewitt v. Helms, 459 U.S. at 473." We agree.
 
 
 7
 Wolff held that a prisoner punished by solitary confinement and a loss of good-time credits statutorily guaranteed him by the State of Nebraska must receive advance written notice of the charges, a written statement of the factfinders as to the evidence relied on, and the reasons for the disciplinary action contemplated. Thereafter, the inmate must be accorded the opportunity to call witnesses and to present documentary evidence. Our case does not present any issue of loss of good-time credits. Rather, we have only the conclusory allegation of Makin that he faces the loss of good time. (See, Answer to Interrogatory 3, R., Vol. I, Tab 5, p. 2). None of the Department of Corrections disciplinary sheets attached to Makin's Answers show any loss of good time credits. These are the documents submitted by Makin and relied upon by him. These documents indicate that the only penalty imposed was punitive segregation. Accordingly, the "informal, nonadversary evidentiary review" with "some notice" to the prisoner and an "opportunity to present a statement" required by Helms, 459 U.S. 460, 476-77 (1983), applies where a prisoner faces only disciplinary segregation, as here.
 
 
 8
 We AFFIRM.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3